THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

JAMES CHRISTERSON *et al.*

1.  STATE'S ATTORNEYS—*of their right to receive payment of fines, etc., and receipt therefor—construction of act of* 1865.   Within the power conferred on State's attorneys by the act of 1865, which makes it their duty to enforce the "collection of all fines, forfeitures and penalties" imposed or incurred in the courts of record in their several counties, and pay the same over to the school superintendents of the proper counties, is included the right to receive such fines, etc., and give receipts therefor, that shall operate as a full discharge to the party paying the same; and also the right to receive the amount of any judgment that may have been rendered for any such fine, forfeiture and penalty, and execute acquittance therefor.

2.  Where payment of a judgment, upon a forfeited recognizance, was made to the county treasurer of the county in which the same was rendered, by the direction and consent of the State's attorney in and for the judicial circuit in which such county was situated, it was *held*, such payment amounted to a satisfaction of the judgment—was payment to the attorney himself.   The State's attorney had the right to order, or agree, that the party should pay the money to any solvent bank, or responsible party, for his use.

WRIT OF ERROR to the Circuit Court of Marion county.

Mr. J. B. KAGY, for the plaintiffs in error.

Mr. AMOS WATTS, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a *scire facias* filed in the Marion circuit court, by the plaintiffs in error, against the defendants in error, to revive a judgment upon a forfeited recognizance.

The defendants filed a special plea, alleging full payment of the judgment described in the *scire facias*.   It is averred in the plea, that the defendants, by the direction and consent of J. Perry Johnson, who was then State's attorney in and for the judicial circuit in which Marion county is situated, and who was then acting in behalf of the plaintiffs, paid the full amount

of said judgment to Smith Lorimer, county treasurer of said county, and all the costs to the proper officers entitled to receive the same.

The court overruled the demurrer interposed to this plea, and the plaintiffs electing to stand by their demurrer, judgment was rendered for the defendants.

The decision of the court, overruling the demurrer, is now assigned for error.

By the act of 1865, (Session Laws 1865, p. 124, seq. 28,) it is made the duty of State's attorneys of the several judicial circuits to enforce the collection of all fines, forfeitures and penalties, imposed or incurred in the courts of record, in their several counties, and pay the same over to school superintendents of the proper counties. The power thus conferred, to enforce the "collection of all fines, forfeitures and penalties," necessarily includes the right to receive and give receipts therefor, that shall operate as a full discharge to the party paying the same. It will also include the right to receive the amount of any judgment that may have been rendered for any such fine, forfeiture and penalty, and to execute an acquittance therefor.

In this instance, the money was not paid directly to the State's attorney, but it was paid by his order and direction to the county treasurer, and this must be held to be payment to the attorney himself. No reason is perceived why the State's attorney could not order, or agree, that the party should pay the money to any solvent bank or any responsible party, for his use.

This judgment and costs have been once fully paid, under the direction of the plaintiffs' attorney and agent, and it would be unjust, now, to allow them to have further execution of the judgment.

The demurrer was properly overruled, and the judgment is affirmed.

*Judgment affirmed.*